O

FILED
MAR 22 2010
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA MACKAY, Plaintiff, v. MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, Defendant. | ) | Case No. EDCV 09-1453-MLG<br>MEMORANDUM OPINION AND ORDER |

Plaintiff Teresa Mackay seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act. For the reasons stated below, the decision of the Commissioner is affirmed.

**I. <u>Facts and Procedural Background</u>**

Plaintiff was born on September 12, 1966. She completed twelfth grade and has worked as a cashier. (Administrative Record ("AR") at 72, 81, 86.) Plaintiff filed an application for SSI benefits on March 22, 2006, alleging disability as of that date due to diabetic neuropathy, arthritis, nerve damage to her feet, and

obesity. (AR at 76, 81.) Her application was denied initially and upon reconsideration. (AR at 57, 63.) An administrative hearing was held on January 22, 2009, before Administrative Law Judge ("ALJ") Thomas J. Gaye. (AR at 25-54.) Plaintiff was represented by counsel and testified on her own behalf. A vocational expert ("VE"), Troy Scott, also testified at the hearing. (*Id.*)

ALJ Gaye issued an unfavorable decision on April 27, 2009. (AR at 9-17.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 22, 2006. Plaintiff's severe impairments were found to include diabetes with peripheral neuropathy and obesity, but these impairments, alone or in combination, did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 11-13.) The ALJ concluded that Plaintiff could not return to her past relevant work, but that she retained the residual functional capacity to perform light work[1] with the following additional limitations: "Stand and walk for two hours in an eight-hour day; climb ladder[s], rope, and scaffolds occasionally; and avoid concentrated exposure to extreme heat. [She] is able to perform simple, repetitive tasks due to pain symptoms." (AR at 13.) Finally, the ALJ determined that Plaintiff was not disabled because there were a significant number of jobs in the national and local economy that Plaintiff could perform, based

---

[1] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds...[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b).

on the testimony of the VE and use of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201 ("the grids"), as a framework for decision. (AR at 15-16.)

The Appeals Council denied review on June 11, 2009, (AR at 1), and Plaintiff commenced this action on July 31, 2009. Plaintiff contends that the ALJ erred by (1) failing to properly consider her treating physician's opinion that she is unable to work; (2) failing to properly consider the type, dosage, and side effects of her prescribed medicine; and (3) failing to properly consider lay witness testimony. (Joint Stip. at 2.)

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming

or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. <u>Discussion</u>**

**A. The ALJ Properly Considered Dr. Gill's January 18, 2007, Report**

Plaintiff contends that the ALJ erred by rejecting the opinion of her treating physician, Dr. Vivek Gill, that she could not work. (Joint Stip. at 2.) On January 18, 2007, Dr. Gill filled out the "Statement of Provider" portion of a one-page county public assistance form. (AR at 226.) He checked the "No" box when asked if Plaintiff was able to work. In the unfavorable decision, the ALJ discussed this form as well as Dr. Gill's medical diagnoses and treatment records. The ALJ adopted Dr. Gill's diagnoses of diabetes with peripheral neuropathy, but rejected the statement regarding Plaintiff's ability to work because it was conclusory, not supported by the record, inconsistent with treatment notes, and contrary to the clinical findings. (AR at 11, 14.) Plaintiff claims this was error.

A treating physician's medically supported opinion regarding the nature and severity of a disability claimant's impairments is generally given great weight. 20 C.F.R. § 404.1527(d)(2); *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even if a treating doctor's opinion is contradicted, an ALJ may disregard it only by giving specific and legitimate reasons for doing so that are supported by substantial evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148

(9th Cir. 2001); *Reddick*, 157 at 725.

Nonetheless, the ultimate determination of disability (i.e. whether a claimant can perform work in the national economy) rests solely with the Commissioner, and a physician's statement that a claimant is "unable to work" is not entitled to special weight. 20 C.F.R. 404.1527(e); *see Tonapetyan*, 242 F.3d at 1148-49 (ALJ not bound by opinion of treating physician with respect to ultimate determination of disability); *Martinez v. Astrue*, 261 Fed.Appx 33, 35 (9th Cir. 2007) ("[T]he opinion that [the claimant] is unable to work is not a medical opinion...[and] is therefore not accorded the weight of a medical opinion."). Moreover, an ALJ need not accept the opinion of any medical source, including a treating medical source, "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *accord Tonapetyan* 242 F.3d at 1149.

Here, the ALJ's reasons for rejecting the opinion contained in the January 18, 2007, public assistance form are both legally sound and supported by substantial evidence. The ALJ correctly noted the conclusory nature of Dr. Gill's opinion that Plaintiff could not work. (AR at 14.) Indeed, Dr. Gill's opinion was not accompanied by a description of functional limitations caused by Plaintiff's medical condition. *See Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (finding no error where the ALJ rejected treating physician's opinion that claimant was disabled due to physician's failure to specify functional limitations); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (an ALJ need not accord weight to unexplained "check-off reports"). Moreover, nowhere in the treatment records does Dr. Gill mention functional limitations

caused by Plaintiff's impairment, lending support for the ALJ's conclusion that the "no work" opinion was inconsistent with the treatment record. (*See* AR at 158-218.)

In addition, the ALJ's conclusion that the "no work" opinion was not supported by the remainder of the record was also sound. Aside from the box checked by Dr. Gill on the January, 2007, county public assistance form, no medical source opined that Plaintiff is unable to work. Although the consultative examining physician and two non-examining state agency physicians agreed that Plaintiff suffered from peripheral neuropathy and obesity, they did not find her impairments to be completely disabling. (AR at 148-57, 219-25.) The ALJ properly resolved the conflict between Dr. Gill's brief, conclusory January, 2007, opinion and the opinions of every other medical source in the record that Plaintiff was capable of working with certain restrictions. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1989) (holding that it is the responsibility of the ALJ to resolve conflicts and ambiguities in the medical record and determine the credibility of medical sources).

Plaintiff repeatedly relies on a single note by Dr. Gill on May 4, 2005, that Plaintiff's diabetic neuropathy was "worsening." (*See* Joint Stip at 3-4; AR at 176.) Aside from the fact that this statement was made prior to the alleged onset date of disability, the statement does not illuminate how Plaintiff is functionally limited due to a "worsening" medical condition. Plaintiff's citation to peripheral neuropathy symptoms listed at the Mayo Clinic's website do not remedy this problem. The ALJ's task was to examine the record of this Plaintiff to determine whether to accept or reject Dr. Gill's opinion that she could not work, not to

hypothesize or speculate about whether any person diagnosed with peripheral neuropathy could suffer from disabling limitations. The ALJ properly considered and rejected Dr. Gill's opinion that Plaintiff is unable to work, and relief is not warranted on this claim of error.

**B. The ALJ Properly Considered the Type, Dosage, and Side Effects of Plaintiff's Medication**

Plaintiff asserts that the ALJ erred by failing to specifically discuss the type, dosage, and side effects of Plaintiff's medications in his unfavorable decision. (Joint Stip. at 8-9.) In support of this argument, Plaintiff cites to (1) the fact that she was taking prescription medications, and (2)the fact that she reported drowsiness and dizziness from some medications on a disability report completed during the disability application process.

"The ALJ must consider *all factors* that might have a 'significant impact on an individual's ability to work.'" *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) (emphasis in original) (quoting *Varney v. Secretary of Health & Human Serv.*, 846 F.2d 581, 585 (9th Cir. 1987)), *relief modified*, 859 F.2d 1396 (1988)). Such factors "may include side effects of medications as well as subjective evidence of pain." *Erickson*, 9 F.3d at 818; *Varney*, 846 F.3d at 585 ("[S]ide effects can be a 'highly idiosyncratic phenomenon' and a claimant's testimony as to their limiting effects should not be trivialized.") (citation omitted). However, Plaintiff bears the burden of producing medical evidence to show that any claimed side effects from medication are severe enough to interfere with her ability to work. *See Osenbrock v. Apfel*, 240 F.3d 1157,

1164 (9th Cir. 2001) (finding that "passing mentions of the side effects of ... medication in some of the medical records" was insufficient evidence); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (finding no error in ALJ's lack of discussion regarding drowsiness from medication where the only evidence of side effects came through the claimant's subjective testimony); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985) (finding no error where medical evidence did not show that claimant's prescribed narcotics limited his ability to care for himself or relate to others).

Here, a review of Plaintiff's medical records reveals no objective evidence of disabling side effects from medications. Despite the fact that Dr. Gill prescribed and adjusted Plaintiff's medications over a period of several years, he never mentioned side effects in his treatment notes. (*See* AR at 158-218.) In addition, the consultative examining physician who reviewed Plaintiff's medical record and assessed her medications noted no side effects or functional limitations stemming from Plaintiff's medications. (AR at 148-49.) Plaintiff's loose citation to "drug.com" does not provide objective medical evidence that Plaintiff suffered side effects from her medication. The only evidence of side effects comes from Plaintiff's subjective complaints, which the ALJ rejected to the extent they were inconsistent with his RFC finding. (AR at 13-15.) Because Plaintiff does not challenge the ALJ's adverse credibility finding, the omission of her subjective complaints regarding medication side effects from his RFC assessment and decision was not error. *See Bayliss*, 427 F.3d at 1217; *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (an

ALJ need not discuss every piece of evidence). Accordingly, relief is not warranted on this claim of error.

**C. The ALJ Gave Appropriate Weight to the Testimony of Plaintiff's Sister**

Plaintiff contends that the ALJ failed to accord appropriate weight to the lay witness testimony of Plaintiff's sister, Lois Mackay. At the hearing, Plaintiff's sister testified that she sees Plaintiff approximately two to three times a week. She testified that Plaintiff stays in bed all day due to pain in her feet, cries often, cannot walk, and does not cook, clean or drive. (AR at 47-50.) In his unfavorable decision, the ALJ summarized this testimony but gave it little weight because it was not borne out in the record and was inconsistent with Plaintiff's own description of her activities. (AR at 13, 15.)

A lay witness can provide competent evidence about a claimant's symptoms and limitations. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also*, *Dodrill v. Shalala*, 12 F.3d 915, 918-919 (9th Cir. 1993). Appropriate reasons include that the testimony is unsupported by the medical record or other evidence or that the testimony is otherwise inconsistent. *Lewis*, 236 F.3d at 511-12 (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

Oddly, Plaintiff asserts that the ALJ "failed to explain whether he accepted or rejected" the testimony of Plaintiff's

sister. (Joint Stip. at 11.) Plaintiff is wrong. Although the ALJ's summary of Lois Mackay's testimony is located on a different page of the unfavorable decision than the ALJ's reasons for giving it little weight, the ALJ did expressly provide reasons for its rejection: the testimony was inconsistent with both the record and Plaintiff's own descriptions of her activities. (*See* AR at 13, 15.)

The Court finds that the ALJ's stated reasons for discrediting Lois Mackay's testimony are supported by substantial evidence in the record. Plaintiff's sister's testimony suggested that her medical impairments were completely disabling such that Plaintiff was always in bed and could not walk, drive, cook, or clean. As the ALJ noted, these disabling limitations are not consistent with the medical record. Plaintiff's treating physician did not note any difficulties walking, and the consultative examining physician observed that Plaintiff's gait and range of motion were normal, with no need for assistive devices. (AR at 150-51.) In addition, there is no suggestion in the medical record that Plaintiff had difficulty attending medical appointments due to inability to drive. Indeed, there is a notation in March, 2009, two months after the administrative hearing, that Plaintiff drove herself to the doctor. (AR at 249.)

Finally, Plaintiff's sister described limitations regarding daily activities that were even more extreme than those alleged by Plaintiff. Plaintiff's sister testified that Plaintiff's children do all of the cooking and cleaning, and Plaintiff stays in bed all the time. However, Plaintiff's own statements throughout the disability determination process do not comport with her sister's description. When she initially applied for disability, she stated

that she did not need assistance with personal care or upkeep of her home. (AR at 73.) This representation did not change substantially on her subsequent disability reports. (AR at 102, 115.) And, although Plaintiff described difficulty driving long distances due to pain, (AR at 81), and decreased enjoyment in completing tasks such as going to the grocery store, she never alleged a complete inability to engage in those activities. As late as March, 2009, Plaintiff told a consultative examining doctor that she drove short distances, prepared meals and grocery shopped with some help from her children, and had family visits at her home approximately once a week. (AR at 250.) Finally, as noted above, the ALJ found that Plaintiff's hearing testimony about her symptoms was not fully credible, a finding she does not challenge in this case. Thus, to the extent her sister's testimony described even more extreme symptoms than Plaintiff described at the hearing, those symptoms had already been rejected. The ALJ did not err in giving little weight Lois Mackay's testimony.

**IV. <u>Conclusion</u>**

For the foregoing reasons, the decision of the Commissioner is affirmed.

Dated: March 22, 2010

MARC L. GOLDMAN

Marc L. Goldman
United States Magistrate Judge